FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

KEVIN BUSTAMANTE,

                        Plaintiffs,    **COMPLAINT AND**
     -against-                         **JURY DEMAND**

THE CITY OF NEW YORK, POLICE OFFICER BRIAN
WEBBER, POLICE OFFICER CARLO CAPONA,
LIEUTENANT ANDREW JETT, JOHN DOE ##1-5,

    CV12-1598

    ECF CASE

                      Defendants.

---------------------------------------------------------------- x

JOHNSON, J
MANN, M.J.

### PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from a June 26, 2011 incident in which and officer of the New York City Police Department ("NYPD"), and officers of Nassau County, acting under color of law, intentionally and willfully subjected plaintiff to false arrest, malicious prosecution, excessive force, assault, and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

### JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New

York in that Defendants City of New York and Nassau County are located within, and the events occurred within, the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff is a citizen of the United States and at all times here relevant resided in Nassau County, New York.

7. The City of New York and Nassau County are municipal corporations organized under the laws of the State of New York, and they are vicariously liable for the state law torts committed by their employees and agents acting within the scope of their employment.

8. Police Officer Brian Webber ("Webber") was at all times relevant an employee of the NYPD, and is sued in his individual capacity.

9. Police Officer Carlo Capogna, Lieutenant Andrew Jett, and John Doe ##1-5 ("the officers") at all times relevant were Nassau County Police Officers, and are sued in their individual capacities.

10. At all times here mentioned defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

11. Plaintiff pleads here pendent state law claims.

## FACTUAL ALLEGATIONS

12. On June 26, 2011, at approximately 11:00 PM, plaintiff was walking lawfully with his friends in his neighborhood in Carle Place, New York, which is in Nassau County, when they were all approached in a hostile manner by Webber who, on information and belief, lived in the neighborhood.

13. Plaintiff is Hispanic; Webber is Caucasian. Webber said he had a problem with plaintiff and his friends being in front of his house; he pulled out a gun, identified himself as a

2

police officer, and directed plaintiff and his friends to get on the floor.

14. Webber called 911, identified himself as a police officer, and said he needed assistance.

15. Plaintiff and his friends fled from Webber.

16. The officers stopped plaintiff a short distance away.

17. After stopping plaintiff, the officers brought Webber to identify plaintiff. They formed an agreement with Webber to arrest and use excessive force on plaintiff, and commenced kicking and hitting plaintiff, calling him a Columbian (which he is), and an animal, and saying "how dare you rob a cop".

18. Webber and the officers formed an agreement to fabricate false charges against plaintiff, and as a result, plaintiff was processed and charged in Nassau County with attempted robbery.

19. Plaintiff's case was presented to the Grand Jury by the Nassau County District Attorney's Office. Plaintiff testified in his own behalf, and the case was dismissed with prejudice by the Grand Jury.

20. The allegations made by Webber were completely false.

### NOTICE OF CLAIM

21. Within 90 days of the incidents complained of, plaintiff filed written notices of claim with both Nassau County and with the City of New York. Over 90 days have elapsed since the filing of those claims; Nassau County has not requested a hearing pursuant to New York General Municipal Law §50-h, and the City of New York has already conducted such a hearing.

### DAMAGES

22. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

b. Violation of his right to Due Process and equal protection of the law under the Fourteenth Amendment to the United Stated Constitution;

c. Physical pain and emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

d. Attorney's fees.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983- False Arrest, Malicious Prosecution, Excessive Force)

23. The above paragraphs are here incorporated by reference.

24. Defendants acted under color of law and deprived plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

25. Defendants confined plaintiff and subjected him to unreasonable and excessive force- that is, more force than a reasonable and prudent law enforcement officer would have applied under the same circumstances.

26. Defendants' confinement of plaintiff was not otherwise privileged.

27. The charges against plaintiff were terminated favorably to plaintiff.

28. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(Negligent Hiring and Retention)

29. The above paragraphs are here incorporated by reference.

30. Defendant officers had a bad disposition and the City of New York and Nassau County

4

knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring and retention process.

31. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injury.

32. Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force.

33. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law.

34. Plaintiff's injuries were caused by the officers' foreseeable false arrest and use of excessive force.

### THIRD CAUSE OF ACTION
(Assault and Battery)

35. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

36. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

37. Defendants used excessive and unnecessary force with plaintiff.

38. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendants City of New York, and Nassau County as employers of other individual defendants, are responsible for their wrongdoing under the doctrine of *respondeat superior.*

39. As a direct and proximate result of the misconduct and the abuse of authority detailed

above, plaintiff sustained the damages described above.

## FOURTH CAUSE OF ACTION
(False Arrest)

40. The above paragraphs are here incorporated by reference.

41. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

42. Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

43. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendants City of New York and Nassau County, as employers of the other individual defendants, are responsible for their wrongdoing under the doctrine of *respondeat superior*.

44. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## FIFTH CAUSE OF ACTION
(Malicious Prosecution)

45. The preceding paragraphs are here incorporated by reference.

46. Defendants initiated a criminal proceeding against plaintiff.

47. The proceeding was terminated in plaintiff's favor.

48. There was no probable cause for the initiation or continuation of the proceeding.

49. Defendants acted with malice.

## SIXTH CAUSE OF ACTION
(42 USC § 1983, 1985- Conspiracy)

50. The officers formed an agreement with each other to act in concert to inflict an unconstitutional injury.

6

51. The officers conspired to deprive plaintiff the equal protection of the laws, and the right to be free of unreasonable search and seizure.

52. The officers committed overt acts in furtherance of that goal.

53. The officers' conspiracy damaged plaintiff.

54. The agreements were formed the night of the incident, when the Nassau County officers and Webber agreed to punish plaintiff for his race, and for their perception of plaintiff's challenge to Webber's authority.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
March 15, 2012

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY  10007

Nassau County Attorney's Office
One West Street
Mineola, NY  11501

Police Officer Brian Webber

Police Officer Carlo Capogna
Third Precinct, Nassau County
214 Hillside Avenue
Williston Park, NY  11596

Lieutenant Andrew Jett
Police Officer Carlo Capogna
Third Precinct, Nassau County
214 Hillside Avenue
Williston Park, NY  11596

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Andrew B. Stoll (AS8808)
Attorney for Plaintiff
475 Atlantic Avenue
Brooklyn, NY  11217
(718) 852-3710
astoll@stollglickman.com

8